10-2919-cv
SRM Global Fund Limited Partnership v. Countrywide Financial Corporation, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
            ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
SRM GLOBAL FUND LIMITED PARTNERSHIP
        Plaintiff-Appellant,

        -v.-                                    10-2919-CV

COUNTRYWIDE FINANCIAL CORPORATION,
n/k/a Bank of America Home Loans,
ANGELO R. MOZILO, DAVID SAMBOL,
ERIC P. SIERACKI,
        Defendants-Appellees,

BANK OF AMERICA CORPORATION,
KENNETH D. LEWIS,
        Defendants.

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**   DAVID BOIES (Philip C. Korologos, Boies, Schiller & Flexner LLP, New York, NY, Richard B. Drubel, Matthew J. Henken, Boies, Schiller & Flexner LLP, Hanover, NH, George A. Zelcs, Korein Tillery LLC, Chicago, IL, Stephen M. Tillery, Douglas R. Sprong, Peter Rachman, Christopher A. Hoffman, Korein Tillery LLC, St. Louis, MO., on brief), Boies, Schiller & Flexner LLP, New York, NY.

**FOR APPELLEES:**   BRIAN A. PASTUSZENSI (Alexis L. Shapiro, Goodwin Procter LLP, Boston, MA, Mark Holland, Goodwin Procter LLP, New York, NY, Richard M. Wyner, Goodwin Procter LLP, Washington, DC, on brief), Goodwin Procter LLP, Boston, MA, for Appellee Countrywide Financial Corporation, n/k/a Bank of America Home Loans.

DAVID SIEGEL (Kenneth R. Heitz, Daniel P. Lefler, Adam Fletcher, on brief), Irell & Manella LLP, Los Angeles, CA, for Appellee Angelo R. Mozilo.

Lori Lynn Phillips, Orrick, Herrington & Sutcliffe LLP, Seattle WA, Michael D. Torpey, Penelope A. Graboys Blair, Orrick, Herrington & Sutcliffe LLP, San Francisco, CA, for Appellee David Sambol.

SHIRLI FABBRI WEISS (Keara M. Gordon, DLA Piper LLP (US), New York, NY, David Priebe, DLA Piper LLP (US), East Palo Alto, CA), DLA Piper LLP (US), San Diego, CA, for Appellee Eric P. Sieracki.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant SRM Global Fund Limited Partnership appeals from a judgment of the United States District Court for the Southern District of New York (Berman, J.), dismissing its

2

securities and common-law fraud complaint against Countrywide Financial Corporation and three of its officers.

SRM asserted claims for violations of the Securities Exchange Act of 1934--specifically Section 10(b), 15 U.S.C. § 78j(b); Rule 10b-5, promulgated under the Exchange Act, 17 C.F.R. § 240.10b-5; Section 18(a), 15 U.S.C. § 78r(a); and Section 20(a), 15 U.S.C. § 78t(a)--and common-law fraud. The district court dismissed the complaint for failure to identify an actionable misstatement or omission. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Having conducted the requisite review of the record, see Scalisi v. Fund Asset Mgmt., L.P., 380 F.3d 133, 137 (2d Cir. 2004), we affirm the dismissal of SRM's complaint for substantially the reasons stated in the district court's thorough and well-reasoned opinion. See SRM Global Fund Ltd. P'ship v. Countrywide Fin. Corp., No. 09 Civ. 5064 (RMB), 2010 WL 2473595 (S.D.N.Y. June 17, 2010).

One issue is closer than others, and as to that as well we agree with the district court, which ruled that SRM failed to identify any statements actionable under Section 18. The plaintiff was required to specify a statement in a qualifying SEC filing that was "at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact." 15 U.S.C. § 78r(a). The amended complaint relies on four SEC filings: Countrywide's 2006 and 2007 Form 10-Ks and two Form 8-Ks filed on August 6, 2007 and October 26, 2007. (Amended Complaint ("AC") ¶ 320.)[1] The 10-Ks, alleges SRM, falsely state that Countrywide had "developed a comprehensive Liquidity Management Plan ('LMP') to moderate liquidity risk with the goal of maintaining adequate, appropriate, and cost-effective sources of liquidity under all market conditions." (Id. ¶ 112.) The 2007 10-K advised that Countrywide had "adequate liquidity to meet our obligations, including--but not limited to--our commitments to lend, maturities of debt and obligations to fund rapid

---

[1] SRM also complains that each of Countrywide's quarterly filings was false and misleading for similar reasons. (See, e.g., AC ¶¶ 34, 43, 56, 79, 121.) SRM failed to adequately plead that any of the statements from these filings were false or misleading as well.

3

amortization events. At December 31, 2007, we estimate that we have available liquidity totaling $36.6 billion." (Id.) The 2006 10-K made similar representations. (Id. ¶ 113.) In its August 6, 2007 8-K, Countrywide represented that it had net available liquidity of $186.5 billion as of June 30, 2007. (Id. ¶ 53.) A press release accompanying its October 26, 2007 8-K stated that, during the third quarter, Countrywide had "stabilized its liquidity," "strengthened its capital position," and "anticipate[d] that the company will be profitable in the fourth quarter." (Id. ¶ 72.) SRM argues that these statements were false and misleading because, almost a year later, Countrywide officers identified July 2007 as the time period in which Countrywide had lost viability, and August 2, 2007 as the date on which liquidity "disappeared" (although SRM acknowledges that Countrywide continued to access tens of billions of dollars in new liquidity after that date). (Id. ¶ 76.)

Fraud cannot be pled by hindsight. See Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1129 (2d Cir. 1994). Countrywide's optimistic statements about future profitability constitute non-actionable forward-looking statements. See San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 811 (2d Cir. 1996); see also Rombach v. Chang, 355 F.3d 164, 174 (2d Cir. 2004) ("[E]xpressions of puffery and corporate optimism do not give rise to securities violations."). The same is true of Countrywide's high hopes for its "Liquidity Management Plan." See ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co., 553 F.3d 187, 206–07 (2d Cir. 2009) (characterizing as "no more than puffery" statements that company would "continue to reposition and strengthen its franchises with a focus on financial discipline" and that company had "risk management processes that are highly disciplined and designed to preserve the integrity of the risk management process" (alterations and internal quotation marks omitted)). Finally, SRM has not alleged facts demonstrating that Countrywide misstated its liquidity position in its public filings.

Having considered all of SRM's arguments presented on appeal, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK